

**Brett A. Scher, Esq.**
bscher@kdvlaw.com

Kaufman Dolowich & Voluck, LLP
135 Crossways Park Drive, Suite 201
Woodbury, New York 11797
Telephone: 516.681.1100
Facsimile: 516.681.1101
www.kdvlaw.com

January 29, 2020

**VIA ECF**
Honorable Lashann DeArcy Hall, U.S.D.J.
United States District Court, Eastern District of New York

>   Re:   *Dupres v. Houslanger & Associates, PLLC*
>         Case No. 1:19-cv-6691 (LDH)(JO)

Dear Judge DeArcy Hall:

This firm represents Defendants Houslanger & Associates, PLLC, Todd Houslanger and Bryan Bryks. We write to request a pre-motion conference to file a 12(b)(1) and (6) motion to: (a) dismiss Dupres' claims in their entirety; (2) dismiss Viruet's FDCPA claims in their entirety; (3) dismiss Soto's and Tolentino's FDCPA claims in part; (4) dismiss the GBL §349 and Judiciary Law § 487 claims in their entirety. Defendants also seek to strike various allegations from the Complaint.

**I.   Dupres Released Her Claims Against Defendants.** "Under New York law, 'a valid release constitutes a complete bar to an action on a claim which is the subject of the release.'" Gupta v. Headstrong, Inc., 2019 U.S. Dist. LEXIS 153308, at *10 (S.D.N.Y. Sept. 9, 2019). Dupres admits that she signed a Stipulation releasing defendants. (Compl. at ¶¶133, 193-95).

Dupres suggests the release is unenforceable because she "did not understand" its meaning until she met with her current attorneys and because she signed the Stipulation "in reliance on Bryks's false representations and material omissions" concerning future court proceedings. (Compl. at ¶¶ 193-96). However, the sheer clarity of the release renders Dupres' allegation of ignorance untenable. See Smith v. JPMorgan Chase, 2016 WL 5339548, at *7 (S.D.N.Y. Sept. 23, 2016).[1] Moreover, to the extent Dupres is implying that she was defrauded, she cannot establish justifiable reliance on Bryks' "representations" or "omissions" because he was acting as the attorney for her *adversary*. See e.g., Appel v. Giddens, 89 A.D.3d 543, 544 (1st Dep't 2011). Dupres also failed to promptly repudiate the Stipulation and return the funds exchanged for the release. See Nicomedez v. AIG, 2012 WL 5264560, at *4 (S.D.N.Y. Oct. 16, 2012).

**II.   Viruet's FDCPA Claims are Untimely.** "[A]n FDCPA claim must be brought within one year from the date on which the violation occurs." Benzemann v. Houslanger & Assocs., PLLC, 924 F.3d 73, 78 (2d Cir. 2019) (internal quotation marks omitted). All the putative FDCPA violations asserted by Viruet occurred before March 15, 2018, when his motion to vacate the judgment was granted in state court. (Compl. at ¶¶ 279, 311). Thus, any FDCPA claims Viruet may have had expired at the latest in March 2019.

---

[1] Olson v. Messerli & Kramer, P.A., 2018 WL 834236, at *4 (D. Minn. Feb. 2, 2018) ("[E]ven a truly unsophisticated consumer . . . would have understood the effect of signing a settlement agreement covering 'any and all claims.'").

**III. The Majority of Plaintiffs' FDCPA Claims are Subject to Dismissal.** First, to the extent the Complaint alleges Defendants violated sections 1692e or 1692f because they sought to enforce judgments that were "invalid" for lack of personal jurisdiction, (Compl. at ¶ 331(a)), the claim fails because Defendants were not involved in the procurement of the judgments and had no knowledge that service was defective before beginning enforcement. See e.g., Kong v. Strumpf, 2018 U.S. Dist. LEXIS 164537, at *8-10 (S.D.N.Y. Sept. 21, 2018).

Second, Plaintiffs erroneously allege that Defendants violated the FDCPA by enforcing judgments without first filing and serving a formal "assignment of judgment" under CPLR § 5019(c). (Compl. at ¶¶ 79, 331(c)). In fact, the FDCPA does not require the filing of an assignment as a prerequisite to judgment enforcement. See e.g. Musah v. Houslanger & Assocs., PLLC, 2012 WL 5835293, at *3 (S.D.N.Y. Nov. 16, 2012). Likewise, the "notice" of assignment served on a debtor need not comply with CPLR § 5019(c). Musah v. Houslanger & Assocs., PLLC, 962 F. Supp. 2d 636, 641 (S.D.N.Y. 2013). The income executions received from the City Marshal, for example, easily qualified.

Third, Plaintiffs contend that Defendants violated sections 1692e or 1692f by enforcing judgments without first "filing and serving a change of attorney form." (Compl. at ¶ 331(d)). Written substitutions of counsel are only required in *pending* civil actions; that is why an "order of the court in which the action is pending" can be used instead of a consent form. See CPLR § 321(b)(2). Moreover, a consent to change attorney form need only be served on parties who have appeared in the case. See CPLR 2103(e). Plaintiffs had not appeared in their underlying actions until they filed motions to vacate the judgments. (Compl. at ¶¶160-61, 220-21, 255, 295).

Fourth, Defendants did not violate the FDCPA by opposing the Plaintiffs' motions to vacate. (See Compl. at ¶ 331(f)-(g)). To start, all plaintiffs benefitted from legal representation during the pendency of their motions. (Id. at ¶¶ 173, 235, 268, 307). Where an attorney is interposed as an intermediary between a debt collector and a consumer, [the court] assume[s] the attorney, rather than the FDCPA, will protect the consumer from a debt collector's fraudulent or harassing behavior." Gabriele v. Am. Home Mortg. Servicing, Inc., 503 Fed. Appx. 89, 95 (2d Cir. 2012). Moreover, the FDCPA's purpose "is not implicated when a debtor is already protected by the court system and its officers." Simmons v. Roundup Funding, LLC, 622 F.3d 93, 96 (2d Cir. 2010). The Civil Court was capable of protecting Plaintiffs from any purported deception.

Most critically, the statements in opposition to Plaintiffs' vacatur motions were not misleading. Bryks' assertions regarding proper service were expressly made, "upon information and belief," rather than personal knowledge, and thus carried no legal weight.[2] Moreover, Plaintiffs admit that Bryks advised them and the Court that Defendants were not in possession of the underlying affidavits of service. (Compl. at ¶¶ 108, 224, 258). As such, there is no way that Bryks' statements would have led Plaintiffs – or persuaded the Court – to believe Plaintiffs were properly served when Plaintiffs *knew* and *had already argued* otherwise. (Id. at ¶¶ 110, 165, 226, 260, 299) See Gabriele, 503 Fed. Appx. at 95; see also Strobel, 2014 WL 507510, at *5.[3]

---

[2] "An attorney's affirmation that is not based upon personal knowledge is of no probative or evidentiary significance." Warrington v. Ryder Truck Rental, Inc., 35 A.D.3d 455 (2d Dep't 2006).

[3] Plaintiffs also attack Bryks' statements relating to the current creditors' authority to enforce the judgments. (Compl. at ¶¶115, 169, 227, 263, 303). None of those statements were misleading. Beyond that, the statements were immaterial because Plaintiffs' motions to vacate were predicated on lack of personal jurisdiction (service), not standing.

Fifth, the Complaint fails to plausibly allege that Defendants, "in bad faith, unduly prolong[ed] legal proceedings and requir[ed] [Plaintiffs] to appear at unnecessary court dates." (Compl. at ¶ 331(i)). The Complaint contains zero *factual* allegations from which to infer that it was Defendants, rather than Plaintiffs or the Civil Court itself, who triggered adjournments of Plaintiffs' motions to vacate. If anything, the Complaint suggests the adjournments were for Plaintiffs' benefit; Soto filed a supplemental affidavit on his second court date which prompted the Civil Court to order a traverse hearing, (id. at ¶¶ 232-34), and Tolentino did the same on his fifth court date. (Id. at ¶ 272). Moreover, Tolentino *stipulated* to restore his collection case to "active," in lieu of going forward with an evidentiary hearing, while represented by *his current counsel*. (Id. at ¶¶ 272-73). Clearly, if Tolentino's allegations of non-service were beyond question, Tolentino and his attorneys would have insisted upon proceeding with the traverse hearing. Sixth, the Complaint fails to plausibly allege that Defendants violated the FDCPA by "sending" releases to Dupres and Tolentino as the release language was clear. (Id. at ¶331(i)).

**IV.     The Complaint Fails to State a Claim under GBL § 349.** To state a claim under GBL § 349, a plaintiff must allege (1) consumer-oriented conduct; (2) that was materially misleading; and (3) injury as a result. Stutman v. Chemical Bank, 95 N.Y.2d 24, 29 (N.Y. 2000). Here, Plaintiffs have failed to allege materially misleading conduct by Defendants which caused them injury. Some of the alleged conduct challenged by Plaintiffs fails the consumer-oriented prong as well.

First, the income executions and restraining notices issued by H&A provided Plaintiffs with the information necessary to challenge the judgments. Moreover, to the extent Plaintiffs claim to have suffered injury stemming from the enforcement of "invalid" judgments, such injuries are (at best) traceable to the parties that procured the judgments (not the Defendants). Second, Defendants' conduct in opposing the motions to vacate cannot support a GBL § 349 claim because Defendants' statements were not materially misleading to Plaintiffs. Moreover, they could not have caused Plaintiffs injury because Plaintiffs suffered no "actual" damages attributable to the alleged deceptive conduct, and Plaintiffs were successful in obtaining vacatur of the judgments against them or at least forcing traverse hearings. Third, Defendants' alleged lack of "meaningful attorney review" and offer of mutual releases cannot support a GBL §349 claim because they pertain to Plaintiff-specific conduct not directed to the public at large. Moreover, such conduct was not materially misleading and did not cause damages.

**V.     The Complaint Fail to State a Claim under Judiciary Law § 487.** The Judiciary Law § 487 claims fail for several reasons. First, since Judiciary Law § 487 only applies to conduct during a *pending* judicial proceeding, the Complaint's allegations regarding conduct preceding the motions to vacate are irrelevant. Musah, 962 F. Supp. 2d at 641. Second, the Complaint fails to allege any deceitful conduct on the part of H&A, Houslanger or Bryks in connection with the motions to vacate, much less *intentional* deceit that was "extreme" or "egregious." See Bryant v. Silverman, 284 F. Supp. 3d 458, 472 (S.D.N.Y. 2018).

**VI.     Offer of Judgment and Class Member Allegations Should be Stricken.** Paragraphs 25 and 26 of the Complaint impermissibly refer to entry of judgments in favor of the Burkett plaintiffs. See Lipsky v. Commonwealth United Corp., 551 F.2d 887, 893-94 (2d Cir. 1976). Moreover, the Complaint contains allegations concerning Defendants' supposed refusal to return funds to "Class Members" (Compl. at ¶¶ 137-39), which are not tied to any named Plaintiff and are immaterial and highly prejudicial.

                                              Respectfully submitted,

                                 By:    /s/ Brett A. Scher
cc:     All Counsel via ECF                Brett A. Scher, Esq.