UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JENIFER DUPRES, WILLIAM SOTO,
DOMINGO TOLENTINO, and LUIS
VIRUET, *individually and on behalf of all
persons similarly situated*,

                Plaintiffs,

               *v.*

HOUSLANGER & ASSOCIATES, PLLC,
TODD HOUSLANGER, and BRYAN
BRYKS,

                Defendants.

**ORDER**
19-CV-6691-RPK-SJB

**BULSARA, United States Magistrate Judge:**

      Plaintiffs brought this action on behalf of themselves and a putative class alleging that Defendants "operated" an "unlawful scheme . . . to extract money from consumers by improperly executing on old New York City Civil Court judgments." (Class Action Compl. dated Nov. 26, 2019 ("Compl."), Dkt. No. 1, ¶ 1). Specifically, Plaintiffs allege that Defendants represent clients who purchase consumer debt in the form of civil court judgments, those judgments are frequently obtained via "sewer service" or are otherwise defective, and Defendants collect on such judgments—by, for example, garnishing debtors' pay or executing on their assets—without examining the underlying documentation and thus in violation of federal and state consumer-protection laws. (*Id.* ¶¶ 5–7). Nonparty Aries Capital Partners, Inc. d/b/a Aries Data Collection ("Aries") "managed [Defendants'] relationship" with those clients. (Mot. to Compel dated Feb. 24, 2021 ("Mot."), Dkt. No. 47, at 2).

      Plaintiffs move to compel from Defendants: (1) six documents being withheld on the basis of Aries's objections; (2) class discovery with respect to two document

requests; and (3) Defendants' financial records. (*See id.*). For the reasons outlined below, the motion to compel is granted in part and denied in part.

I. <u>Withheld Documents</u>

Plaintiffs issued document requests to Defendants for all documents concerning the named Plaintiffs and all documents concerning the judgment creditors who attempted to collect from them on the basis of purchased civil court judgments. (Pls.' First Req. to Defs.' for the Prod. of Docs. dated Sept. 23, 2021, attached as Ex. to Mot., Dkt. No. 47, req. nos. 1, 3). Defendants withheld six documents, which Aries states are contracts between those judgment creditors and Aries, as well as bills of sale for the underlying consumer debt. (Resp. in Opp'n to Mot. dated Mar. 23, 2021, Dkt. No. 52, at 1). Aries, together with nonparties Libra Equities, LLC and Virgo Capital, LLC,[1] objects that these documents are privileged, confidential, and irrelevant. These objections are meritless.

With respect to the unspecified assertions of privilege, claims that documents "may" be privileged are not cognizable. (*Id.*); Fed. R. Civ. P. 26(5)(A) ("When a party withholds information otherwise discoverable by claiming that the information is privileged . . . the party must . . . *expressly* make the claim[.]" (emphasis added)). Further, the Court fails to understand—and the objecting parties do not explain—how these contracts, which are necessarily between third parties, could be subject to any privilege. And the nonparties' claim that it would be too burdensome to determine what privileges apply is implausible considering that there are only six documents at issue. Their arguments about sensitive commercial information or confidentiality are similarly

---

[1] These nonparties' relationships to Aries or this case are not explained, and they are referred to collectively as "Aries" herein.

misplaced—as Plaintiffs point out, there is a protective order in place, and documents would be produced subject to that order. (Confidentiality Order dated Oct. 30, 2020, Dkt. No. 40).

To the extent Aries asserts these documents are not relevant and their production must be limited, this is properly understood as a motion for a protective order. *Allstate Ins. Co. v. All Cnty., LLC*, No. 19-CV-7121, 2020 WL 5668956 at *1 (E.D.N.Y. Sept. 22, 2020). But these documents are clearly relevant to Plaintiffs' claims, and the assertion is borderline frivolous. For example, Plaintiffs allege that Defendants represent debt buyers and attempt to collect on their purchased consumer debt without any meaningful attorney review, including without reviewing "documentation of the chain of title establishing that the judgment buyer owned the judgment." (Compl. ¶¶ 49–50). Yet now Aries argues that this very documentation—bills of sale for Plaintiffs' debts, apparently in Defendants' possession—is somehow irrelevant. The documents strike at the core of Plaintiffs' allegations.

As a result, Aries's objections are overruled, and Defendants are directed to produce these documents. To the extent Defendants seek to assert any privilege, they shall provide a privilege log to Plaintiffs within two weeks consistent with Federal Rule 26(b)(5)(A) and Local Civil Rule 26.2, meaning it must specifically and clearly outline any assertions of privilege. *See United States v. Constr. Prods. Res., Inc.*, 73 F.3d 464, 473–74 (2d Cir. 1996). Defendants (and Aries) are warned that frivolous assertions of privilege are sanctionable. *See, e.g.*, *Baez-Eliza v. Instituto Psicoterapeutico de Puerto Rico*, 275 F.R.D. 65, 70 (D.P.R. 2011) (sanctioning defendant for persisting in baseless claims of privilege after warnings by the court); *see also* Fed. R. Civ. P. 26(g).

II.  Class Discovery

Plaintiffs seek to compel class-wide discovery for three categories of documents: (1) Defendants' legal files for all putative class members, which the parties call "Class Member Files"; (2) documents related to judgment creditors of the class; and (3) documents related to the process servers used to procure judgments against the class. (Mot. at 2–5). These requests are granted in part and denied in part.

Defendants' generic objections to class discovery, based on the assertion that absent certification such discovery is unavailable, is frivolous. Plaintiffs are entitled to class discovery even absent a certification motion. Class-certification discovery "often overlaps substantially with . . . merits" discovery. *Chen-Oster v. Goldman, Sachs & Co.*, 285 F.R.D. 294, 299 (S.D.N.Y. 2012). "In order to obtain pre-certification discovery concerning class issues, the plaintiff must show that 'such discovery would be relevant to [her] future motion for class certification.'" *Van Elzen v. Revimedia, Inc.*, No. 17-CV-2131, 2018 U.S. Dist. LEXIS 132007, at *11 (S.D.N.Y. Aug. 3, 2018). Any class discovery must also be proportional to the needs of the case and "bear some relationship to the claims of the named Plaintiff[s]." *Chow v. SentosaCare, LLC*, No. 19-CV-3451, 2020 WL 559704, at *3 (E.D.N.Y. Jan. 23, 2020); *Thompson v. Glob. Contact Servs., LLC*, No. 20-CV-651, 2021 WL 1103029, at *2 (E.D.N.Y. Feb. 16, 2021) (granting motion to compel class discovery and noting that, "[t]o the extent the records [Plaintiff] seeks relate to putative class members—among other things, names, contact information,

hours and pay information—they all bear on class certification, may be sought, and must be produced"). [2]

With respect to Class Member Files, Plaintiffs have demonstrated these files are relevant to class certification. Plaintiffs contend that Defendants systematically failed to review their clients' judgments against the putative class members or the necessary supporting documents. (Compl. ¶¶ 321–22). As a result, the Class Member Files—which could reveal whether Defendants had evidence of defects in the underlying judgments in their possession but failed to review it before seeking to execute on those judgments—are relevant to Plaintiffs' allegations and central to any assertion that the practices employed against Plaintiffs were common to other class members. The Court is sensitive to the burden full disclosure would impose on Defendants, as each file will require time-consuming privilege review. The Court directs the parties to meet and confer on a sampling methodology, grants the motion, and directs production of a 10 percent sample of Class Member Files for putative class members with "opposition claims" and a separate 5 percent sample of Class Member Files for putative class

---

[2] None of the cases cited by Defendants compel a contrary result. Some of the cases, for example, *Crabtree v. Hayden Stone Inc.*, 43 F.R.D. 281 (S.D.N.Y. 1967), *Zahorik v. Cornell Univ.*, 98 F.R.D. 27 (N.D.N.Y. 1983), *Dziennik v. Sealift, Inc.*, No. 05-CV-4659, 2006 WL 1455464 (E.D.N.Y. May 23, 2006), and *Youngblood v. Fam. Dollar Stores, Inc.*, No. 09-CV-3176, 2011 WL 1742109 (S.D.N.Y. Jan. 5, 2011), pre-date the Supreme Court's decision in *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011), "which made clear that class certification cannot be evaluated without an examination of the merits—a reality that requires giving plaintiff access to discovery." *Thompson*, 2021 WL 1103029, at *2.

members with only "execution claims."[3] The Court concludes that such sampling adequately balances the needs of the Plaintiffs for such documents against the burden imposed by having to produce all client files.[4]

The other two categories of discovery—documents related to the judgment creditors themselves and the process servers used to procure the judgments—are also relevant to class certification. With respect to the judgment creditor documents, which include "purchase agreements, bills of sale, and collections/service agreements," the application to any motion for class certification is obvious. For example, Plaintiffs contend that Defendants utilized form documents across the putative class, inappropriately opposed motions to vacate default judgments, and otherwise "prolonged legal proceedings in bad faith." (Compl. ¶¶ 321–23). Collections or service agreements between Defendants and their judgment-creditor clients speak to Defendants' common conduct across the class, and as a result to whether common issues of fact are present, whether the named Plaintiffs' claims are typical of the class, and whether they can adequately represent the class's interests.

---

[3] All putative class members possess "execution claims," that is, claims based on Defendants' efforts to execute a judgment against them. A subset of class members also possess "opposition claims," meaning claims that Defendants behaved improperly in response to those individuals' opposition to judgment-execution efforts. Plaintiffs propose Defendants produce all documents with respect to the class members with opposition claims and a 10 percent sample of those with only execution claims, (Mot. at 4); Defendants propose production of a 5 percent sample of putative class members with opposition claims only, (Defs.' Opp'n dated Mar. 5, 2021, Dkt. No. 50, at 4 n.5).

[4] Defendants' arguments that Plaintiffs can simply interpose deposition questions to achieve the same result is unpersuasive. Plaintiffs are entitled to obtain document discovery in addition to asking basic questions, and indeed, it is the regular and appropriate course to obtain documents in order to formulate questions to ask at depositions. The Rules contemplate use of all discovery devices, not one at the exclusion of the others.

The request for process server documents is likewise relevant to class certification. For example, Plaintiff Viruet alleges that Defendants attempted to enforce a default judgment against him that was procured on the basis of an affidavit of a process server subject to discipline by the Department of Consumer Affairs and now permanently banned from serving process in New York City. (Compl. ¶¶ 279, 286–88, 291–94). Evidence that putative class members were similarly subject to judgment enforcement actions on the basis of judgments procured by process servers subject to discipline by the Department of Consumer Affairs goes to whether Viruet's claims are typical of the class, whether he is an adequate class representative, and whether common issues of fact are present among the class.

For these reasons, the motion to compel is granted in full with respect to Plaintiffs' requests for documents related to judgment creditors and process servers, and granted in part with respect to Class Member Files. The parties are directed to meet and confer on a sampling methodology, and Defendants shall produce a 10 percent sample of Class Member Files for putative class members with "opposition claims" and a separate 5 percent sample of Class Member Files for putative class members with "execution claims."

III.   Defendants' Finances

Plaintiffs have also moved to compel all documents concerning Defendants' financial resources, including tax returns. (Mot. at 5). Plaintiffs contend these documents are relevant in the event Defendants argue statutory damages must be capped pursuant to section 1692K of the FDCPA. (*Id.*). Defendants have not yet asserted such a defense. The motion to compel is denied in this respect. The request for "all documents" regarding Defendants' finances is not proportional to Plaintiffs'

objective, and to the extent Plaintiffs seek this information, they may instead serve interrogatories tailored to this stated goal.

     \*     \*     \*     \*

For these reasons, the motion to compel is granted in part and denied in part. All requests for attorney's fees or costs in connection with this motion are denied, and Plaintiff's motion for leave to file a reply is denied.

                SO ORDERED.

                */s/ Sanket J. Bulsara* June 9, 2021
                SANKET J. BULSARA
                United States Magistrate Judge

Brooklyn, New York