

**Brett A. Scher, Esq.**
bscher@kdvlaw.com

Kaufman Dolowich & Voluck, LLP

135 Crossways Park Drive, Suite 201
Woodbury, New York 11797

Telephone: 516.681.1100
Facsimile: 516.681.1101

www.kdvlaw.com

June 23, 2021

**VIA ECF**
Honorable Sanket J. Bulsara, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

   Re: *Dupres v. Houslanger & Associates, PLLC*
      Case No. 1:19-cv-6691 (LDH)(SJB)

Dear Judge Bulsara:

  This firm represents Defendants Houslanger & Associates, PLLC ("H&A"), Todd Houslanger and Bryan Bryks (collectively, the "Defendants") in the above matter. Pursuant to Sections III(B) and IV(B) of Your Honor's Individual Practices, we write to respectfully request that this Court issue a partial stay of its June 9, 2021 Order (the "Order") (ECF Doc. 56). Specifically, Defendants have filed objections limited to the portion of the Order directing Defendants to produce a sampling of H&A's attorney files regarding unnamed putative members ("Class Member Files")[1] and seek a stay of their obligation to produce any such Class Member Files pending Judge Kovner's ruling on the objections. Plaintiffs oppose the request.

  As discussed below, the requested stay is appropriate because Defendants have valid objections to producing Class Member Files, have a fully briefed motion to dismiss that is pending before Judge Kovner, and the costs associated with producing the Class Member Files will substantially deplete Defendants' remaining insurance coverage.

## RELEVANT PROCEDURAL HISTORY

  Plaintiffs filed their Complaint in this putative class action on November 26, 2019, alleging that Defendants violated the Fair Debt Collection Practices Act ("FDCPA") and New York state law while attempting to enforce "assigned" judgments entered against Plaintiffs in New York City Civil Court. (ECF Doc. 1). Their claims fell into two general categories: (1) "execution claims" covering Defendants' efforts to execute on the judgments; and (2) "opposition claims" covering Defendants' responses to Plaintiffs' motions to vacate the judgments in New York City Civil Court. The putative "Execution Class" refers to individuals with execution claims. The putative "Opposition Class" is a subset of the Execution Class consisting of individuals with both execution claims and opposition claims.

---

[1] See ECF Doc. 58.

Hon. Sanket J. Bulsara, U.S.M.J.
Case No. 1:19-cv-6691
Page 2 of 3

On January 27, 2020, Defendants submitted a letter to Judge DeArcy Hall requesting a pre-motion conference regarding a proposed motion to dismiss under Fed. R. Civ. P. 12(b)(1) and (6) (the "Motion to Dismiss). (ECF Docs. 18 and 19). The case was subsequently reassigned to Judge Kovner, who held the pre-motion conference on August 3, 2020. The Motion to Dismiss was filed on September 25, 2020 and has been fully briefed since December 1, 2020. (See ECF Docs. 36, 37, 41, 43).

On February 24, 2021, Plaintiffs filed a motion to compel Defendants to produce, among other things: (1) H&A's attorney files pertaining to the entire putative Opposition Class and ten percent (10%) of the putative Execution Class; (2) purchase agreements, bills of sale and collection/service agreements for judgment creditors on whose behalf H&A executed on assigned judgments against members of the putative Execution Class and Opposition Class, including but not limited to Plaintiffs themselves ("Judgment Creditor Documents"); and (3) H&A's files concerning process servers that may have been involved in procuring the judgments against members of the putative Execution Class and Opposition Class, including but not limited to Plaintiffs themselves ("Process Server Documents"). (See ECF Doc. 47). Defendants filed opposition on March 5, 2021 (ECF Doc. 50).

On June 9, 2021, this Court issued the Order granting Plaintiffs' motion to compel in part. As relevant here, the Order directed Defendants to produce a 10 percent sample of Class Member Files for the Opposition Class and a separate 5 percent sample of Class Member Files for the Execution Class. (Order at 5-6). The Order also directed Defendants to produce all the Judgment Creditor Documents and Process Server Documents. (Id. at 6-7).

## A LIMITED STAY SHOULD BE GRANTED

Under Fed. R. Civ. P. 26(c), a district court has considerable discretion to stay discovery for "good cause" shown. Alavarez v. Experian Information Solutions, Inc., 2021 WL 2349370, at *1 (E.D.N.Y. June 7, 2021) (Wicks, M.J.). "Relevant factors to determine 'good cause' include the likelihood of success of any dipositive motions, whether the stay would prejudice the opposing party as well as the burden imposed upon the party seeking to respond to the proposed discovery." aaPhirma, Inc. v. Kremers Urban Development Co., 2011 WL 2565359, at *1 (S.D.N.Y. June 15, 2011) (Jones, D.J.).

A stay of this Court's Order to produce Class Member Files is warranted under the circumstances. First, as Defendants noted in their opposition to Plaintiffs' motion to compel, and now in their objections to Judge Kovner, there is simply no precedent for compelling the pre-certification production of attorney files concerning individual unnamed putative class members (i.e., H&A's files pertaining to collect efforts and litigation against putative class members) absent a showing that the named Plaintiffs *need* such material to prove the merits of their own claims *and* to establish the grounds for class certification. (See ECF Doc. 50 at 2 and Doc. 58 at 3-4). Plaintiffs made no such showing. This Court should afford Judge Kovner an opportunity to weigh in on the issue before Defendants bear the burden of such expansive discovery.

Second, Defendants' pending Motion to Dismiss has been fully briefed for nearly eight (8) months and figures to be decided by Judge Kovner in the near future -- an issue that was apparently

Hon. Sanket J. Bulsara, U.S.M.J.
Case No. 1:19-cv-6691
Page 3 of 3

not considered in the Order despite having been raised by Defendants.  "[W]here the named plaintiff's claim is subject to dispositive motion, delaying class discovery is often appropriate." Chow v. SentosaCare, LLC, 2020 WL 559704, at *2 (E.D.N.Y. Jan. 23, 2020) (Bulsara, M.J.) Here, Defendants' Motion to Dismiss targeted nearly every claim in the Complaint, including all the "opposition claims" and all but two of the "execution claims."[2]  Unless it is denied in its entirety, the decision on the Motion to Dismiss will significantly limit the scope of the case and any conceivable need for Class Member Files.  Regardless, since Judge Kovner will decide the Motion to Dismiss, Judge Kovner is in the best position to determine whether that Motion justifies denying or at least postponing production of the Class Member Files.

Third, the cost of producing the putative Class Member Files at issue is substantial. Defendants will need to produce at least 150 attorney files for the putative Class Member Files to comply with the Order -- 125 for the Execution Class and 25 for the Opposition Class.  As this Court acknowledged, "each file will require time-consuming privilege review." (Order at 5).  The production will take hundreds of hours and cost tens of thousands of dollars *at least*.  Importantly, Defendants' insurance coverage for this action is an eroding policy (i.e., defense costs are applied to the policy limits).[3]

Fourth, the proposed stay will not prejudice Plaintiffs.  Defendants have not objected to the portions of the Order directing production of the Judgment Creditor Documents or Process Server Documents on a putative class-wide basis.  Between those documents and Defendants' already-completed production of H&A's office procedures and its attorney files concerning Plaintiffs themselves, Plaintiffs will have plenty of material to work with while the parties await Judge Kovner's ruling on Defendants' objections.  In addition, the parties can complete other discovery in the meantime, such as the depositions of the named Plaintiffs, which will be unaffected by the production of putative Class Member Files.

We thank the Court for its consideration.

Respectfully submitted,
Kaufman Dolowich & Voluck, LLP

By:   /s/ Brett A. Scher
      Brett A. Scher, Esq.

cc: All Counsel via ECF

4843-5371-1600, v. 1

---

[2] Essentially, Plaintiffs William Soto and Domingo Tolentino would be left with their claims that H&A failed to serve validation notices pursuant to 15 U.S.C. § 1692g before executing on the judgments against them, and Soto would have a claim relating to H&A's alleged failure to notify him that his judgment had been assigned before restraining his bank account.  Defendants have already produced copies of the validation notices in question to Plaintiffs' counsel, and the notice served on Soto (like that served on every Plaintiff) expressly stated that H&A's client was the "assignee" of the judgment that had been entered against him.

[3] Defendants can supply an affidavit to the specific remaining limits, if this Court so requires.