UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ OCT 14 2022 ★

BROOKLYN OFFICE

---

WILLIAM SOTO, DOMINGO TOLENTINO, and LUIS VIRUET, individually and on behalf of all persons similarly situated,

    Plaintiffs,

vs.

HOUSLANGER & ASSOCIATES, PPLC, TODD HOUSLANGER, and BRYAN BRYKS,

    Defendants.

No. 19 Civ. 6691 (SJB)

ORDER AND JUDGMENT GRANTING FINAL APPROVAL OF CLASS SETTLEMENT

---

SANKET J. BULSARA, United States Magistrate Judge:

**NOW IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

1. <u>Incorporation of Settlement Agreement</u>: This Final Order and Judgment, pursuant to Federal Rules of Civil Procedure 54 and 58, incorporates the terms set forth in the Stipulation of Settlement and Release as to All Claims Against All Defendants (hereinafter "Settlement Agreement") submitted by the parties to the Court, ECF No. 84-1. For the purposes of this Order, the Court adopts by reference the definitions set forth in the Settlement Agreement.

2. <u>Class Certification</u>: The Court grants final certification of the following Class, solely for purposes of the settlement of this class action ("Settlement"), pursuant to Federal Rule of Civil Procedure 23(a), 23(b)(2) and 23(b)(3): all individuals against whom Houslanger & Associates, PLLC ("H&A), Todd Houslanger ("Houslanger"), or Bryan Bryks ("Bryks"), on or after April 19, 2016, have issued an Execution on an Assigned Judgment obtained in New York City Civil Court. For purposes of the Settlement, the Court confirms its findings in the

Preliminary Approval Order that the requirements of Federal Rule of Civil Procedure 23 and any other applicable laws have been satisfied, in that:

    a. The Class is so numerous that joinder of all members would be impractical;

    b. Named Plaintiffs have alleged one or more questions of fact and law that are common to all Class Members;

    c. Based on Named Plaintiffs' allegations that Defendants engaged in uniform conduct affecting all Class Members, Named Plaintiffs' claims are typical of those of other members of the Class;

    d. Named Plaintiffs have been and are capable of fairly and adequately protecting the interests of the members of the Class;

    e. Injunctive relief is appropriate respecting the Class as a whole; and

    f. Questions of law and/or fact common to the Class Members predominate over such questions affecting only individual Class Members, and a class action is superior to all other available methods for the fair and efficient resolution of the Action; and the Class is ascertainable from business records and/or from objective criteria.

3. <u>Notice:</u> The Court finds that the distribution of the notice (*i*) constituted the best practicable notice; (*ii*) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action, the nature and terms of the proposed Settlement, the effect of the Settlement (including the effect of the releases), Class Members' right to object to the proposed Settlement, Class Members' right to exclude themselves from the Class, and the right of Class Members who submitted objections to appear at the Fairness Hearing; (*iii*) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice; and (*iv*) met all applicable requirements of the Federal

Rules of Civil Procedure, the United States Constitution, the Rules of this Court, and any other applicable law. The Parties filed with this Court adequate proof regarding the notice provided to Class Members to demonstrate that such notice was materially consistent with the Court's directives in the Preliminary Approval Order.

4. <u>Approval of Named Plaintiffs and Appointment of Class Counsel</u>: For the purposes of the Settlement, the Court hereby confirms its approval of William Soto, Domingo Tolentino, and Luis Viruet as class representatives and appointment of the New York Legal Assistance Group as Class Counsel pursuant to Federal Rule of Civil Procedure 23(g).

5. <u>Approval of Class Administrator</u>: The Court confirms its approval of Atticus Administration, LLP to serve as the Class Administrator.

6. <u>Settlement Approval</u>: The Court approves the Settlement Agreement as fair, reasonable, and adequate, and finds that it is the result of intensive, arms-length negotiations between experienced attorneys familiar with the legal and factual issues of this case.

7. <u>Monetary Relief</u>: The Court approves the Settlement Amount of $155,000, as fair, reasonable, and adequate.

8. <u>Allocation Plan</u>: The Court approves the Allocation Plan—which provides for a baseline payment of $50 to members of the Compensation Group who submitted Claim Forms, with remaining funds distributed to these Class Members on a proportional basis, based on the amount of money that each Class Member paid Defendants—as fair, reasonable and adequate.

9. <u>Late Claims</u>: In accordance with the Preliminary Approval Order, Class Counsel is authorized, in their discretion, to direct the Class Administrator to accept otherwise valid Claims by Class Members submitted after the Objection, Exclusion, and Claim Submission

3

Deadline up until the point when accepting a late claim would delay payment to Class Members who timely filed Claims.

10. <u>Distribution from Class Settlement Account</u>: The Court directs the Class Administrator to distribute the Settlement Amount from the Class Settlement Account in a manner consistent with the Allocation Plan and this Order.

11. <u>Distribution of Funds to Class Members</u>: The Class Administrator is directed to make reasonable and diligent efforts to have Class Members cash their distribution checks or otherwise accept their payments from the Class Administrator. To the extent that funds remain in the Class Settlement Account after the initial distribution to eligible Class Members, the Class Administrator and Class Counsel shall together determine whether to make a further distribution (or distributions) consistent with the Allocation Plan, after considering whether such distribution is practical and feasible in light of the money that remains in the Class Settlement Account and the estimated costs of any such distribution. If further distribution(s) is(are) not feasible, the remainder shall, subject to Court approval, be given as a *cy pres* award to one or more not-for-profit organizations approved by the Court that benefits individuals adversely affected by consumer debt collection practices. Under no circumstances will any funds in the Class Settlement Account revert to Defendants. Class Counsel shall provide notice to the Court by letter filed on ECF when all distributions under the Settlement are complete.

12. <u>Service Awards</u>: The Court finds that the requested Service Awards of $3,750 are reasonable under the circumstances. These amounts shall be paid out of the Class Settlement Account.

13. <u>Attorney's Fees and Expenses Award:</u> Class Counsel are hereby awarded Attorney's Fees and Costs in the amount of $51,667, to be paid out of the Class Settlement Account. The Court finds that the Attorney's Fees and Expenses are fair, reasonable and appropriate.

14. <u>Administration Expenses:</u> The Court approves Administration Expenses in the amount of $22,200 to be paid to the Class Administrator out of the Class Settlement Account.

15. <u>Injunctions:</u> The Court finds the non-monetary relief provided for in the Settlement Agreement to be fair, reasonable, and adequate. Consistent with the Settlement Agreement:

    a. Defendants have ceased, and shall not resume, all Collection on all Class Member Judgments.

    b. Defendants H&A and Houslanger have ceased, and shall not resume, all Collection on all Assigned Judgments that were entered by New York City Civil Court prior to August 1, 2012.

    c. For a period of three years commencing on June 20, 2022 and lasting through June 19, 2025, Defendants H&A and Houslanger shall cease Collection on all other New York City Civil Court Assigned Judgments that have been or will be owned by any Current Judgment Creditor, as defined in the Settlement Agreement herein, regardless of the date of entry.

    d. For a period of three years commencing on August 19, 2022 and lasting through August 18, 2025, Defendant H&A shall, before executing on any Assigned Judgment entered by a New York City Civil Court, mail or otherwise provide any consumer debtor with: (a) a 15 U.S.C. § 1692g validation notice (which may be a model validation notice that is consistent with the then existing laws and regulations of the

5

federal government or New York State or New York City); and (b) notice that H&A is the current law firm attempting to collect on the Assigned Judgment.

    e. For a period of three years commencing on August 19, 2022 and lasting through August 18, 2025, Defendants H&A and Houslanger shall, before executing on any Assigned Judgment entered by a New York City Civil Court, obtain (a) a copy of the judgment; and (b) the affidavit of service. In the event the affidavit of service has been destroyed or is otherwise unavailable in the New York City Civil Court Clerk's Office file, Defendants H&A and Houslanger will document their attempt to obtain the affidavit of service. In the event the judgment has been destroyed or is otherwise unavailable in the New York City Civil Court Clerk's Office file, Defendants H&A and Houslanger will document their attempt to obtain the judgment and may utilize a transcript of judgment in lieu of the judgment.

16. <u>Jurisdiction</u>. The Court has jurisdiction over the subject matter of the Action, the Named Plaintiffs, Class Members, and Defendants, and has jurisdiction to enter this Order. The Court expressly retains exclusive and continuing jurisdiction over the Settlement, the Settlement Agreement, the Settling Parties, Class Members, and anyone else who appeared before this Court for all matters relating to the Settlement Agreement, including the enforcement of this Order. If, after the date of this Order, Plaintiffs find that Defendants failed to disclose any material asset, materially misstated the value of any asset, or made any other material misstatement or omission in the financial representations identified in the Settlement Agreement, Plaintiffs may move the Court for appropriate relief, and Defendants reserve the right to oppose such a motion.

17. <u>Dismissal of the Action</u>: This Action is dismissed with prejudice according to the terms of the Settlement Agreement, without fees or costs to any party except as provided therein and in this Order.

18. <u>Released Claims</u>: Consistent with the Settlement Agreement,

    a. Upon the Final Settlement Date, the Class Representatives shall be deemed to have released the Defendants as well as their past and present partners, associates, principals, shareholders, directors, officers, members, attorneys, employees, agents, representatives, parents, subsidiaries, affiliates, divisions, predecessors or successors, partnerships or corporations, heirs, executors, administrators, successors, assigns and insurers (except Judgment Creditors) from any and all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims, and demands whatsoever in law, admiralty or equity, that the Class Representatives have, may have, or might have, as against Defendants, arising out of or related to the Class Member Judgments or the claims asserted in this Action, existing up until the Final Settlement Date.

    b. Upon the Final Settlement Date, the Settlement Class Members shall be deemed to have released the Defendants as well as their past and present partners, associates, principals, shareholders, directors, officers, members, attorneys, employees, agents, representatives, parents, subsidiaries, affiliates, divisions, predecessors or successors, partnerships or corporations, heirs, executors, administrators, successors, assigns and insurers (except Judgment Creditors) from any and all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants,

contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims, and demands whatsoever in law, admiralty or equity, that the Settlement Class Member(s) have, may have, or might have, as against Defendants, arising out of or related to the Class Member Judgments or the claims asserted in this Action, existing up until the Final Settlement Date.

c. On the Final Settlement Date, Defendants shall be deemed to have forever released and discharged the Settlement Class Members from any claims that Defendants have or may have against Settlement Class Members, arising out of or related to the Class Member Judgments or the claims asserted or this Action.

d. All Settlement Class Members preserve all claims against all Judgment Creditors, including claims to vacate any Class Member Judgment. Likewise, all Judgment Creditors preserve all claims against all Class Representatives and Settlement Class Members, including any attempt to enforce or collect on the Class Member Judgments.

e. Carlos Villalba, Administrator of the Estate of Ramon A. Galeas and Plaintiff in case 1:19-cv-04270, *Villalba v. Houslanger & Associates, PLLC et al*, is not included as a Class Member subject to this Order and Judgment because he timely filed a Request for Exclusion.

Dated: October 12, 2022
Brooklyn, New York

/s/ *Sanket J. Bulsara*

**SANKET J. BULSARA**
**UNITED STATES MAGISTRATE JUDGE**